IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN T. BAKER,
                        Plaintiff,

    v.                                             CASE NO. 12-3164-SAC

CON MEDS SERVICES,
et al.,
                        Defendants.


JOHN T. BAKER,
                        Plaintiff,

    v.                                             CASE NO. 12-3262-SAC

DR. BYAN O'NEIL, et al.,
                        Defendants.


### O R D E R

Plaintiff proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983 while plaintiff was confined in the Sedgwick County Detention Center in Wichita, Kansas.

On November 7, 2012, the court dismissed the Sedgwick County Jail as a defendant, noted plaintiff's amendment of the complaint to name additional defendants, and directed plaintiff to clarify the facts and claims in the amended complaint to avoid dismissal of all claims against the remaining defendants as stating no claim for relief.

While no response is docketed in Case No. 12-3164-SAC, plaintiff has submitted a separate complaint involving similar allegations. *Baker v. Byan Oneil*, Case No. 12-3262-SAC. The court liberally construes this second pro se complaint as plaintiff's response to the show cause order entered in Case No. 12-3164-SAC, and consolidates the two actions on its own motion. Plaintiff's motion for leave to

proceed in forma pauperis in Case No. 12-3262-SAC is thereby moot.

Having reviewed plaintiff's response, however, the court continues to find this consolidated action is subject to being summarily dismissed.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). A plaintiff must also provide facts to establish each defendant's personal participation in the alleged deprivation of plaintiff's constitutional rights. *Jenkins v. Wood*, 81 F.3d 988, 994-95 (10th Cir.1996). Although a pro se litigant's pleadings are to be liberally construed, plaintiff retains the burden of alleging "enough facts to state a claim to relief that is *plausible* on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)." [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

In the present case, plaintiff must allege omissions or acts sufficiently harmful to suggest that defendants acted with deliberate indifference to plaintiff's serious medical needs. See *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). This deliberate indifference standard has two components: "[1] an objective component requiring that the pain or deprivation be sufficiently serious; and [2] a subjective component requiring that the offending officials act with

a sufficiently culpable state of mind." *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir.1991)(*citing Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).

In his second amended complaint, plaintiff continues in his claim that Con Meds Services (CMS) staff failed to provide proper medical care after plaintiff was injured in a fall at the jail in May 2012, and after plaintiff was injured in a prisoner altercation in July 2012. Plaintiff cites being denied pain meds for a week after his fall, being denied ice for facial swelling after the prisoner altercation, rude remarks by defendant Lee, and the denial of unspecified medical care in November 2012. Plaintiff also continues to contend that negligent medical care provided at the jail has damaged a finger on his left hand. The defendants specifically named in the second amended complaint are: Dr. Byan O'Neil, presumably as supervising medical care at the jail; CMS Physician Assistant Lee; and Kendra Wolff as supervising CMS nurses.[1]

However, § 1983 liability cannot be based solely on a defendant's supervisory capacity, because government officials are not vicariously liable for the misconduct of their subordinates. *See Serna v. Colorado Department of Corrections*, 455 F.3d 1146, 1151 (10th Cir.2006)("There is no concept of strict supervisor liability under § 1983.")(quotation omitted). Plaintiff alleges no specific

---

[1] Plaintiff also names "all Con Meds Employees" as defendants. CMS, and CMS employees Alicia Mefford and Jim Alexsander, named as defendants in the original complaint as first amended, are no longer identified as defendants in the second amended complaint. Because an amended complaint supersedes and replaces a previous complaint, the court treats the second amended complaint as encompassing plaintiff's voluntary dismissal of these three defendants.

misconduct by Dr. O'Neil, thus this defendant can be dismissed because plaintiff establishes no personal participation by this defendant in the alleged violation of plaintiff's constitutional rights.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir.1996)("personal participation is an essential allegation in a § 1983 claim").

   Likewise, plaintiff alleges only that defendant Wolff allowed CMS staff to deny plaintiff proper medical care, including the denial of pain medication for an eight day period after plaintiff's fall because the medication was either not prescribed or was unavailable at the facility.  Even if the court were to assume this was sufficient to establish Wolff's personal participation in the alleged denial of medical care, no claim for relief is stated against this defendant because plaintiff's allegations are inadequate to plausibly find that Wolff acted with any deliberate indifference to plaintiff's medical needs.

   Plaintiff claims defendant Lee refused to provide plaintiff with ice for swelling on plaintiff's face after plaintiff's altercation with another prisoner, was rude and threatening to plaintiff, and falsely reported that plaintiff was acting up in the clinic.  However, rude conduct does not support an actionable claim for damages under § 1983.  *See Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir.1979)(mere verbal abuse is not a constitutional violation actionable under § 1983).  And the isolated deprivation of ice for plaintiff's facial swelling is insufficient to plausibly establish an actionable constitutional claim of deliberate indifference.

Because the factual basis for plaintiff's claims of constitutional deprivation has remained consistent through two amendments of the complaint, and because the court continues to find that factual basis insufficient to state an actionable claim for relief under § 1983 against any defendant, the court finds allowing plaintiff further opportunity to cure the deficiencies identified in the second amended complaint would be futile. Thus for the reasons stated herein and in the show cause order entered on November 7, 2012, the court concludes the second amended complaint should be dismissed as stating no claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b).

IT IS THEREFORE ORDERED that the two cases captioned herein are consolidated by the court; that plaintiff's motion for leave to proceed in forma pauperis in Case 12-3262-SAC is thereby moot; and that the complaint submitted in Case 12-3262-SAC is treated as plaintiff's second amended complaint, filed in response to the show cause order entered on November 7, 2012.

IT IS FURTHER ORDERED that the second amended complaint in this consolidated action is dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED: This 22nd day of January 2013 at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge